[No. 8562.]

## INTERNATIONAL TEXTBOOK COMPANY V. PIERCE AND ZAHN BOOK COMPANY.

1. ESTOPPEL—*Measure of Proof*. The facts upon which it is sought to raise an estoppel must be clearly and fully established. (575.)

2. EVIDENCE—*Burden of Proof*. Where the defendant alleges a negative to support a plea of estoppel, it rests upon him to support his allegation by evidence. (575.)

The case ruled by International Co. v. Pratt Co. *ante*.

*Error to Denver County Court.* Hon. IRA C. ROTHGERBER, Judge.

*Department.*

Messrs. ROGERS, ELLIS & JOHNSON and Mr. EARL H. ELLIS, for plaintiff in error.

Mr. JOHN R. SMITH, Mr. H. B. WOODS and Mr. STEPHEN A. PRATT, for defendant in error.

Opinion by Mr. Justice TELLER.

This case presents substantially the same questions as are determined in *The International Text Book Co. v. The Pratt Mercantile Co., ante,* No. 8561, 158 Pac. 712; both cases being argued on one brief and abstract.

In this case the evidence did not show as long a course of dealing in the books as does the other case, and the record is silent as to the knowledge by defendant of the terms of the contract under which the books were obtained from the plaintiff. The plea of estoppel having alleged want of knowledge, the defendant should have supported the allegation with evidence in order to make its defense good.

Here, as in the other case, there is no evidence as to the time of purchase of the books taken under the writ, and what was said on that point in the other case applies also to this.

The facts which raise an estoppel must all be clearly and fully established, and unless they do so appear, an estoppel will not be enforced. *Kirby v. Union Pacific Ry. Co.,* 51 Colo. 509, 119 Pac. 1042, Ann. Cas. 1913B. 461.

Upon the facts in evidence a jury might reasonably draw conclusions adverse to the contention of the defendant, and the court, therefore, erred in directing a verdict.

The judgment is reversed, and the cause remanded to the County Court.

Chief Justice GABBERT and Mr. Justice HILL concurring.